

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00079-CV

## IN THE MATTER OF LONNIE BIRT DONALDSON, SR.

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 19-003380-CV-272

## MEMORANDUM OPINION ON REHEARING

On original submission, we dismissed this matter for want of prosecution based on appellant Lonnie Birt Donaldson's failure to timely file a brief. *See generally In re Donaldson*, No. 10-20-00079-CV, 2020 Tex. App. LEXIS 6968 (Tex. App.—Waco Aug. 27, 2020, no pet. h.) (mem. op.). Subsequently, appellant filed a motion for rehearing and for en banc reconsideration requesting that we reinstate this matter because his failure to timely file his brief was not due to lack of diligence, but rather, due to lockdown procedures at the prison due to COVID-19. He has since filed a brief in this matter. Despite the fact that appellant's brief was originally due within thirty days from when the Clerk's Record was filed, February 26, 2020, *see* TEX. R. APP. P. 38.6(a), in the interest

of justice, we grant appellant's motion for rehearing and en banc reconsideration, withdraw our prior opinion and judgment from August 27, 2020, and substitute the following in their place.

In two issues, appellant challenges the trial court's denial of his petition for a name change under the Texas Family Code. *See* TEX. FAM. CODE ANN. § 45.102. We affirm.

In the instant case, the trial court denied appellant's request for a name change because appellant "does not meet the requirements of Texas Family Code Section 45.103." Under section 45.103(a) of the Texas Family Code, a trial court shall order a change of name if the change is in the interest or to the benefit of the petitioner and in the interest of the public, so long as the person does not have a final felony conviction or is not subject to the registration requirements of Chapter 62 of the Code of Criminal Procedure. TEX. FAM. CODE ANN. § 45.103(a). A trial court may order a name change for a person with a final felony conviction, if the change is in the interest or benefit of the petitioner and in the interest of the public, *see id.* § 45.103(a), and the person has received a certificate of discharge by the Texas Department of Criminal Justice or completed a period of community supervision or juvenile probation ordered by a court and not less than two years have passed from the date of the receipt of discharge or completion of community supervision or juvenile probation, or the person has been pardoned. *Id.* § 45.103(b). Section 45.103(b)(2) also provides that a trial court may order a name change for a person

with a final felony conviction if the person is requesting to change his name to the primary name used in his criminal history record information. *Id.* § 45.103(b)(2).

In arguing that the trial court should have granted his request for a name change, appellant relies on cases from other states, including *In re Ely*, which held that "conviction of a felony, by itself, is not grounds to deny a name change petition." No. M2000-01937-COA-R3-CV, 2004 Tenn. App. LEXIS 144 (Tenn. Ct. App. Mar. 1, 2004). Unlike Texas's blanket "final felony conviction" limiting language, *see* TEX. FAM. CODE ANN. § 45.103(a), the Tennessee statute regulating name changes specifies only certain convictions for which name changes are prohibited. *See* TENN. CODE ANN. § 9-8-101. However, our analysis calls for an interpretation and application of Texas law, so we find *In re Ely* and the other cases from outside Texas relied upon by appellant unpersuasive to this analysis.

Appellant judicially admitted in his pleading that he is currently incarcerated in the Texas Department of Criminal Justice-Institutional Division for a felony conviction. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (noting that assertions of fact, not pleaded in the alternative, in the live pleadings of a party are regarded as formal judicial admissions and that a judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact); *see also DowElanco v. Benitez*, 4 S.W.3d 866, 871 (Tex. App.—Corpus Christi 1999, no pet.) ("A judicial admission is a formal waiver of proof, usually found in pleadings or the stipulations of the parties, that dispenses with the production of

evidence on an issue and bars the admitting party from disputing it.").  A "final felony conviction" bars a petitioner in Texas, such as appellant, who is still incarcerated, from seeking a name change.  *See* TEX. FAM. CODE ANN. § 45.103(a).  Furthermore, appellant has not demonstrated that his situation corresponds with the provisions for name change for individuals with final felony conviction outlined in section 45.103(b) of the Family Code.  *See id.* § 45.103(b).  Therefore, because he is not entitled to a name change as an individual with a "final felony conviction," appellant's complaints in his brief lack merit.  Accordingly, having reviewed the record, we hold that the trial court did not abuse its discretion by denying appellant's request for a name change.  We overrule all of appellant's issues in this appeal.

We affirm the trial court's order denying appellant's petition for name change.


JOHN E. NEILL
Justice

Before Chief Justice Gray
    Justice Davis, and
    Justice Neill
Affirmed and motion for rehearing granted
Opinion delivered and filed October 7, 2020
[CV06]

